*Western Dist.*
*October,* 1839.

VASCOCU'S
WIDOW & HEIRS
*vs.*
PAVIE.

Where the vendor's act of sale and mortgage contains the clause *de non alienando*, there is no oath required, or notice to the third person, in proceeding against the mortgaged property by the *via executiva* or executory proceedings.

Where the petition pursues the forms, and prays for an order of seizure and sale, the fact of the clerk issuing a citation to the defendant, will not change the suit into the *via ordinaria.*

---

VASCOCU'S WIDOW AND HEIRS *vs.* PAVIE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

Where the defendant in eviction, calls his vendor in warranty, demanding the return of the *price*, and the value of the improvements, with a prayer for *general relief;* and has judgment accordingly, on this issue, it forms *res judicata*, in a subsequent action for the *increased* value and price of the land and improvements.

WESTERN DIST.
October, 1839.

VASCOCU'S
WIDOW & HEIRS
vs.
PAVIE.

The plaintiff, Felicité Sorrel, widow of J. N. Vascocu, alleges that her late husband purchased a tract containing eight hundred arpents of land, the 13th March, 1830, from Charles Pavie, for the price of one thousand two hundred dollars, for which he gave his three promissory notes of four hundred dollars each ; that he made valuable improvements thereon, ·worth two thousand dollars, and that since his death she has been evicted by one Michael Boyce ; that Pavie was duly cited in warranty to defend said suit, but that judgment of eviction was rendered, in which both the land and improvements were lost.   That the land, at the time of eviction, was worth twenty dollars per arpent, and that, consequently, said Pavie is indebted to her in the sum of nineteen thousand two hundred dollars, as the value of the land and improvements, at the time of eviction, including one thousand two hundred dollars, the price paid.   For all of which she prays judgment, and for general relief.

At the death of her husband, the widow took this land at the appraised value in the inventory ; but the children, by a supplemental petition, joined her in this suit.

The defendant pleaded a general denial; and further averred that, in the judgment of eviction, obtained by Boyce, he was called in warranty, and judgment rendered over against him in favor of the present plaintiff, for all the matters and things now claimed, and which he avers is *res judicata*, and conclusive in his favor, and a bar to the present action.   He also brought into court the original notes of the plaintiff's husband, given for the land, and which had never been paid ; and prayed for judgment in his favor.

Upon these pleadings and issues the cause was tried.

The record in the eviction suit, was produced in evidence, in which the ·present plaintiff had judgment entered up against the present defendant in warranty, as follows :

" In this case, by reason of the verdict of a jury ; and the law and evidence being in favor of the plaintiff, and judgment in eviction having been rendered in his favor; it is ordered, adjudged and decreed, that the defendant, Felicité Sorrel, recover of Charles Pavie, cited in warranty, the sum

of one thousand two hundred: dollars, with interest, &c., being the amount of three promissory notes given by the defendant's vendor as the price of the land from which she is evicted."

WESTERN DIST
October, 1839.

VASCOCU'S
WIDOW & HEIRS
vs.
PAVIE.

This judgment stands unreversed and unappealed from.

There was a mass of testimony taken, in relation to the increased value of the property, and the liability of the defendant therefor. Three several trials were had in this case. At a former trial, the plaintiff had a verdict giving her nineteen thousand two hundred dollars, as the increased value of the land, which was set aside, and a new trial awarded by the court.

There was finally a verdict and judgment for eighty dollars alleged to have been paid, and the return of the notes originally given for the price of the land, and ten thousand dollars in damages. The defendant appealed.

*Brent* and *Bryce*, for the plaintiff.

1st. The plea of *res judicata* cannot be sustained. In the suit of eviction, the *same attorneys* represented Vascocu and Pavie, thereby showing that there was no *contestation* between them, and besides the *pleadings* in that case show, that there was no *issue* made between them as to the question of *damages*. The plaintiff, therefore, was not concluded from demanding damages in a subsequent action. *Louisiana Code*, 2265. 7 *Martin*, *N. S.*, 430, 621.

2d. On the merits, we contend that the jury were justifiable in basing their verdict on the increase in the value of the property from the time of sale up to the period of eviction. Whatever may have been the opinion entertained as to this question, under our laws, it is now no longer a subject of controversy, inasmuch as it has been solemnly settled in our favor, in the case of *Bissell et ux.* vs. *Erwins' heirs*, 13 *Louisiana Reports*, 148.

It is there decided, that the law *is* here, as it *was* in France prior to the adoption of the code, that the increased value of the property *invariably* formed part of the damages

WESTERN DIST.
October, 1839.

VASCOCU'S
WIDOW & HEIRS
vs.
PAVIE.

assessed on the warranty, but only such increase as the parties could have had in contemplation at the time of the contract, and not such as resulted from unforeseen events, or transient or accidental causes.

In order, then, to take a case out of the *general* rule here established, it must be shown, that the increased value of the property has resulted from unforseen events or transient or accidental causes, because the law will *presume* that the parties had in contemplation all such damages as were not the result of unforeseen events, or transient or accidental causes. It will be observed, that the rule being general, and the exception being in favor of the warrantor, the burden is thrown upon him, to set forth and prove the particular facts which go to relieve him from his liability upon the warranty. If this is not, and there is no evidence to show the unforeseen event or transient or accidental cause, which has produced the rise in the value of the property, the general provision of the law at once attaches, and the increase in the value of the property must be given against him as the measure of damages. This is the case at bar.

3d. If damages be at all recoverable, based upon the increased value of the property, then we contend that the jury are the proper judges of the *quantum,* and the court will not disturb their verdict. *2 Louisiana Reports,* 76.

4th. It is an *arbitrary* provision of the code of Justinian, that the damages on warranty shall not exceed double the price of the sale, and our courts will not be governed by it. *Pothier on Obligations, No.* 164. *Ibid., Vente, No.* 133.

*Dunbar* and *Judge Bullard,* argued in support of the defendant's plea of *res judicata,* and against the verdict of the jury as extravagant, excessive and illegal.

*Morphy, J.,* delivered the opinion of the court.

Widow Vascocu alleges that under an adjudication lawfully made to her by virtue of a deliberation of a family meeting of her minor children, she had became the owner of a certain tract of land which her husband had purchased from

the defendant in 1830, for the sum of twelve hundred dollars ; that her husband had made on said land improvements to the amount of two thousand dollars, when she was disturbed and finally evicted by one M. Boyce, in which suit she had caused defendant to be cited in warranty. She avers, that at the time of eviction the land had greatly increased in value, and prays judgment against defendant for nineteen thousand two hundred dollars, to wit : sixteen thousand dollars for the value of the land, at the time she was evicted, two thousand dollars for her improvements, and one thousand two hundred dollars for the reimbursement of the purchase money. Defendant answers by a general denial, and sets up the plea of *res judicata*, averring that all the just and lawful claims of the plaintiff had been finally adjudicated upon in her call in warranty against him in the suit brought by Boyce. An amended petition was afterwards filed, to make the heirs of Vascocu parties to this suit. This contestation has been submitted to four different juries. The three first verdicts for the plaintiff were set aside, and a motion for a new trial having this time been overruled, judgment was entered up on the last verdict for the sum of ten thousand dollars, and the return of the notes given to defendant by plaintiff's husband, which, it appears, had never been paid. From this judgment the defendant prosecutes the present appeal.

Before going into the merits of the issue joined between these parties, we must examine the plea of *res judicata* set up by the defendant, for, if it prevails, it must necessarily preclude the examination of the other points in the cause which have been argued at some length. In deciding on a plea of this kind, we must see what are the matters put at issue by the pleadings. If all that the plaintiff claims in this suit could have been granted her under the pleadings, in her call in warranty, in the eviction suit brought by Boyce, and she has not appealed from the judgment rendered therein, we conceive that it is binding on her, and forms a complete bar to the present action. What did she. claim from defendant, her warrantor, in that suit ? She demanded the price paid by her husband, the value of her improve-

WESTERN DIST.<br>
<em>October</em>, 1839.<br>
<br>
VASCOCU'S<br>
WIDOW & HEIRS<br>
<em>vs.</em><br>
PAVIE.

WESTERN DIST.
October, 1839.

VASCOCU's
WIDOW & HEIRS
vs.
PAVIE.

Where the defendant in eviction calls his vendor in warranty, demanding the return of the price, and the value of the improvements, with a prayer for *general relief*, and has judgment accordingly on this issue, it forms *res judicata*, in a subsequent action for the *increased* value and price of the land and improvements.

ments on the land, and concluded with a prayer for such judgment against her vendor, as equity, justice and law would authorize her to obtain. She was allowed in that suit the price paid, the value of her improvements and costs. If no damages for the increased value of the land were given, we must presume that none were proved, for we entertain no doubt that under her prayer for general relief, those damages could have been lawfully awarded, if by the law and evidence of the case she was entitled to any. Every requisite necessary to form *res judicata* between these suitors appear to exist in this case. We have the same parties litigating before us, in the same capacity, for the same cause of action, and for the same thing. *Louisiana Code, article 2265.* We disregard, altogether, the appearance of the heirs of Vascocu as plaintiffs in this suit. From the evidence it is obvious that they have no interest whatever in the issue, having been divested of all their title to the land by the adjudication to their mother, for one thousand two hundred dollars, the appraised value of the inventory; their intervening wrongfully in the suit, cannot change the situation of the original parties. Had the present plaintiff in her call in warranty against the defendant confined her answer to a citation in warranty, accompanied with a prayer for such judgment against him as law and equity would authorise, could it be contended that upon sufficient proof being made, she would not have obtained every thing which the law authorises, a vendee who is evicted, to recover of his vendor, to wit :

1. The restitution of the price.

2. The fruits or revenues, when he is obliged to return them to the owner who evicts him.

3. All the costs occasioned either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff ; and finally,

4. The damages, when he has suffered any, besides the price he has paid.

If from want of sufficient evidence a vendor obtains only a part of the rights and claims to which the law entitles him, can he in a second or third suit claim successively the

WESTERN DIST.

*October*, 1839.

several kinds of relief which grow out of his contract, and of which he could not have been ignorant at the time he called his vendor in warranty?

In a claim for a sum of money is not the plaintiff bound to claim in one and the same suit, any interest or damages arising out of the same transaction, as the principal claim? If he neglects to claim or prove them, (which is the same thing,) can he be permitted to harass his debtor by subsequent suits for them? We apprehend that he cannot. Article 156 of the Code of Practice provides, " That if one demand less than is due to him, and do not amend his petition, in order to augment his demand, he shall lose the overplus." A vendee calling his vendor in warranty, stands in the situation of a plaintiff, towards him, and must be governed by the same rule.

Applying, then, this rule to plaintiff's call in warranty against defendant, if damages were not included in her prayer for general relief, she should have amended her pleadings, so as to claim them; if they were prayed for, then it would appear that no damages were proved, and, therefore, none were granted. Upon the whole, we think that the defendant's plea ought to have been sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be annulled, avoided and reversed; that there be judgment for the defendant; and that the plaintiff pays costs in both courts.