## No. 8923.

MRS. ADÈLE VILLARS, WIFE OF EDOUARD DROUET, vs. LOUIS FAIVRE AND FRED. L. MATTHEWS.

All issues presented by the pleadings in a cause and on which evidence is introduced on trial, will be considered as disposed of by a final judgment, although the latter be silent on one or more of the issues in the case, unless a special reservation is made in the judgment.

Hence, in a petitory action, the judgment which decrees the litigated property to plaintiff, and is silent on the subject of rents and revenues prayed for in plaintiff's petition, when it appears that evidence had been introduced on that demand, will be construed as an absolute rejection of the demand.

Such a judgment will support the plea of *res judicata* to a subsequent action by the same plaintiff, for rents and revenues on the same property, against the same defendant.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*Alfred Grima* and *H. N. Gautier* for Plaintiff and Appellant.

*Alfred E. Billings* and *Jos. H. Spearing* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff has brought this suit for the recovery of rents and revenues on a piece of immovable property, which she revindicated through a judgment of this Court, rendered in March, 1882, in a suit which she had instituted against Louis Faivre, one of the defendants herein, in August, 1877. 34 A. 198.

At the institution of her petitory action she had caused the litigated property to be sequestered, and the defendant had thereupon released it on a bond of nine hundred dollars, with his co-defendant, Matthews, as his security.

Plaintiff prays, in this suit, for judgment in the sum of nine hundred dollars against the defendants *in solido* and for the further sum of thirty-six hundred dollars against the defendant, Faivre, individually.

Villars vs. Faivre and Matthews.

She prosecutes this appeal from a judgment maintaining an exception of *res judicata* interposed by the defendants.

The plea is predicated on the following grounds:

In her petitory action, plaintiff had cumulated a demand for the rents and revenues of the property in litigation, which she fixed at $400 per annum, from August, 1877, to the time at which she would recover possession of the property.

She was cast in the district court, and on appeal she was declared the owner of the property, but the judgment of this Court contained no mention of or reference to the demand for rents and revenues, either in the reasons for judgment or in the decree. 34 A. 198.

It is conceded that the cause of action is the same, the parties the same, their capacities the same, in the two suits, in so far as the demand for revenues is concerned.

The contention turns upon the legal effect of the judgment of this Court, on the demand for rents, by reason of its silence on that subject.

Plaintiff argues that such silence means at most, and no more, a rejection of her demand as in case of non-suit; while defendants contend that, under numerous precedents furnished by our reports, such silence must be construed as an absolute and final rejection of the claim.

Plaintiff argues that no evidence was offered in her first suit, on the subject of rents and revenues, and that in the absence of such evidence this Court could not dispose of that issue which was, in consequence thereof, not passed upon. In this she is not borne out by the record, which does contain evidence on that subject sufficient in its character and scope to sustain a judgment on that point. It is true, as she suggests, that the point was not directed to the Court, either in the oral argument or brief of her counsel, and that such omission may have caused or superinduced the silence of this Court on the point. But this is not the pivotal question in the present discussion. We are not called upon to explain or determine the reasons which caused our silence on the subject, or to qualify it either as an omission or an oversight; the question involved is the legal effect of the omission to dispose of that issue which was one of the essential points in the controversy.

After mature consideration and a thorough examination of numerous decisions of this Court on the subject matter, we are driven to the conclusion that the legal effect of our judgment was an absolute rejection of the claim and that the plea of *res judicata* in this action was well taken.

Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation. Plaintiff quotes numerous decisions in support of the undisputed proposition that the appellate court is not bound in law to dispose of all matters contested and that the court may remand certain matters for a second examination in the lower court, or may reserve to the party pressing certain claims or demands, the right of urging the same in a separate action.

Such a ruling is of every day occurrence. It was doubtless the right of this Court to have made a similar disposition of plaintiff's demand now under discussion. Under such a reservation her present action could not have been as much as clouded by a dream of a plea of *res judicata*. But unfortunately for her, such a reservation was not made and the question recurs to the legal effect of the silence of the judgment on that portion of the demand in her previous suit. Under the circumstances of this case our jurisprudence places an insurmountable obstacle in the way of her recovery.

In the early case of Delatage vs. Pellerin, 3 Martin, 142, the plea of *res judicata* was successfully interposed to a claim for damages for the unlawful detention of a slave, on the ground that in a previous suit for the recovery of the same slave and for damages for the detention, the judgment had restored the slave to plaintiff, but was silent on the question of damages.

In the celebrated case of Saul vs. His Creditors, 7 N. S. 437, the Court reviewed previous rulings on the point and unreservedly affirmed the doctrine of the Delatage-Pellerin case. The question there presented was the exposition of the legal effect of the silence of the judgment on a demand for interests urged in the pleadings, and it was held that the interests were refused by the judgment.

By way of illustration the Court therein distinctly asserted the doctrine as affecting fruits or rents which generally follow the judgment on the issue of title to immovable property. The doctrine was reviewed and reasserted in the following cases: Robertson *et al.* vs. Penn, 8 La. 64; Vascoeu's widow vs. Pavie, 14 La. 139; Plicque & Lebeau vs. Perret, 19 La. 324; McMickin vs. Morgan, 9 A. 209; Spencer vs. Bannister, —; Brady vs. Ascension, 26 A. 321.

The rule that the silence of the judgment on any demand which was an issue in the case under the pleadings must be considered as an absolute rejection of the demand, came under the consideration of the pres-

ent Court in a recent case, which seems to have escaped the attention of both counsel in the present suit. We refer to the case of the Succession of Robert Anderson on the rule of C. M. Pilcher, 32 A. 581, in which we held that interest could not be collected on a judgment for money which by its terms was silent as to interest, although interest was legally due on the claim. In that case we had occasion to consider, and unqualifiedly reaffirmed, the doctrine laid down in the case of Saul vs. His Creditors.

We there held the following language, which is a fit conclusion to our reasoning in this opinion: "If the plaintiff in rule is holder of a judgment which unjustly denies to, and withholds from him, his legal right, it is a misfortune which might have been repaired before that judgment became final, but which is now past remedy."

So with the plaintiff in this cause, whose counsel, by means of a timely application for a rehearing, might have obtained an amendment of our judgment in the petitory action, so as to secure a recognition, or at least a reservation, of her rights to rents and revenues.

His oversight, or our possible omission, may have exposed her to a great hardship, but it is now past remedy. We are in duty bound to follow the wise precedents laid down for the guidance of courts.

Appellees suggest our want of jurisdiction over the demand for nine hundred dollars against Matthews, the security on the release bond. Under the conclusions which we have reached and herein announced on the main issue in the cause, that question loses all practical importance. But it is, nevertheless, clear to our minds that under the pleadings no judgment could be rendered against Matthews exceeding $1000, and that therefore we had no jurisdiction of the demand pressed against him. The fact that he was bound *in solido* with Faivre cannot affect the question of jurisdiction. He could not be held for more than $900; and the amount involved as to him is unquestionably the test of our jurisdiction as to his interest in the litigation.

The appeal, in so far as it concerns the judgment in favor of Matthews, is dismissed.

For the reasons given on the main issue in this case, the judgment appealed from is affirmed, with costs.