## No. 14,420.

### ROBERT J. PERKINS, RECEIVER, vs. JEAN LAPEYRONNIE.

#### SYLLABUS.

*Query*—Where the principal and surety on a conventional bond are joined as defendants in a case in which judgment is asked against the principal in a sum exceeding $2000 and against the principal and surety *in solido* for a sum less than $2000 (the surety's obligation under the terms of the bond being less than $2000) and in which case a judgment is rendered against the principal and surety, *in solido,* for $390, to which appellate court—Supreme or Court of Appeal—must the appeal taken by the surety be carried?

*Held*—To the Court of Appeal.

CERTIFIED from the Court of Appeal, Parish of Orleans, by the Judges thereof applying for instructions.

The opinion of the court was delivered by

BLANCHARD, J. Samuel J. Humphreys was the secretary of the Jefferson Building Homestead Association and, as such, gave bond for the faithful discharge of his duties in the sum of one thousand dollars, with J. M. Lapeyronnie as surety.

The association went into the hands of a receiver.

The latter instituted suit against Humphreys and Lapeyronnie, alleging a breach of the bond on the part of Humphreys and consequent damages to the association in the sum of $5,000.00.

Judgment was prayed for against Humphreys in the sum of $5,000.00, and against the surety, Lapeyronnie, *in solido,* to the extent of $1,000.00—the amount of the bond.

There was judgment in favor of the plaintiff and against Humphreys and Lapeyronnie *in solido* for $390.00.

The surety applied for and obtained an order of appeal to the Court of Appeal for the Parish of Orleans and duly lodged the record of appeal in that court.

It does not appear that any appeal to any court was taken by Humphreys, nor has the plaintiff applied any where to have the amount awarded him increased.

*Ex proprio motu* the judges of the Court of Appeal raise a question as to the jurisdiction of their court, and propound the following:

> Where the principal and surety on a conventional bond are joined as defendants in a case in which judgment is prayed for against the principal in a sum *exceeding* $2,000 and against the principal and surety *in solido* for a sum *less* than $2,000 (the surety's obligation under the terms of the bond being less than $2,000) and in which case a judgment is rendered against the principal and surety *in solido* for $390.00, to which appellate court—Supreme or Court of Appeal—must the appeal taken by the surety be carried?

We answer:—to the Court of Appeal, whose jurisdiction extends to all cases, civil or probate, where the matter in dispute or the funds to be distributed shall exceed one hundred dollars, exclusive of interest, and shall not exceed two thousand dollars, exclusive of interest. Constitution 1898, Art. 98.

*Quoad* the surety, the suit was on the bond for $1,000.00, alleging breach thereof by the principal.

From the bond sprang the obligation *in solido* of the principal and surety to the extent that they therein bound themselves.

The judgment was for an amount within the bond, *in solido,* against the signers thereof.

One of the judgment debtors, to-wit:—Humphreys, the principal on the bond, as against whom a sum was also demanded over and above and beyond the bond, does not appeal.

So far as he is concerned the amount claimed of him in excess of the bond, outside of it, was rejected and the plaintiff acquiesces.

So far as judgment was awarded against him within the limit of the bond, he acquiesces.

We are not to assume either may yet appeal.

The *status* of the case, then, as it appears on appeal is one upon the bond, which is for $1,000.00, and for an amount as to which no one complains but the surety, who is appellant, and who could not have been sued and was not sued for an amount beyond the appellate jurisdiction of the Court of Appeal.

"But," it might be asked, "had the plaintiff appealed where would his appeal have been taken?"

We answer, to this court as to the $5,000.00 he claimed from Humphreys, and to the Court of Appeal as to the $1,000.00 he claimed from Lapeyronnie *in solido*. In which even+ the Court of Appeal would have postponed action upon its branch of the appeal until this court had acted, and then have been guided in its judgment by the action taken in the case against Humphreys here.

If, for instance, on such an appeal, this court decided Humphreys was due nothing to plaintiff, it would follow that the Court of Appeal would enter up a judgment of release in favor of Humphreys' surety, who was sued on the bond, as to which the superior court had, necessarily, decreed, in releasing Humphreys, no breach.

If Humphreys had appealed, his appeal would have come to this court because he was sued for more than $2,000.00—a sum beyond the jurisdiction of the Court of Appeal. The appeal of his co-defendant, sued for less than $2,000.00, would go to the Court of Appeal and there await the action to be taken by this court on the Humphreys' appeal.

Thus, a conflict of jurisdiction would be avoided, and each court would entertain the appeal as to which its jurisdiction attached under the authority of the Constitution.

It is only in cases where there is an appeal from a judgment rendered on a *reconventional* demand that the appeal lies to the court having jurisdiction of the main demand. Const. Art. 95.

We cannot stretch the authority of this Article to give this court jurisdiction of an appeal on an original demand for less than $2,000.00 against one defendant, because of the fact that his co-defendant is sued for a sum exceeding $2,000.00, even though the obligation of the former be dependent on a case being made out against the latter.

If it be said that the plaintiff and Humphreys have both the right of devolutive appeal for twelve months from the date of the judgment in the court below; that one, or the other, or both, may exercise this right and bring the appeal to this court; and that this court may render a judgment on such appeal, as between the plaintiff and Humphreys, different from the one which, meanwhile, the Court of Appeal may have rendered between the plaintiff and the surety Lapeyronnie on the appeal taken to it by the latter, we answer that while this is possible it is not probable, and even though this should be the case, the surety will have had "his day in court" before the tribunals, original and appellate, appointed by the laws of his country to deter-

mine his liability *vel non*, and would not be in a position justly to complain that the judgment of the Court of Appeal as to him is *res judicata*.

If it would be such were he cast, so it would be such were the plaintiff cast on the appeal to the Court of Appeal.

In such case, of appeal by Lapeyronnie to one court, and, later, of appeal by Humphreys or the plaintiff to another, the appropriate tribunal, vested with jurisdiction by the Constitution according to the amount sought to be enforced against each defendant, will have sat upon the two branches of the case and reached judicial determination of the issue submitted respectively.

It may be an involved situation, an awkward arrangement, and it appears to be such, but for this the Constitution, not this court, nor the Court of Appeal, is to be held responsible.

The conclusion herein reached as to the jurisdiction of the Court of Appeal is supported by Villars vs. Faivre and Mathews, 36 La. Ann. 398-401.

There defendant Faivre and his surety and co-defendant Mathews were sued *in solido* for $900 on a bond for that amount executed to obtain the release of some property of Faivre's which had been sequestered in a former proceeding, and in the same suit plaintiff asked a further judgment against Faivre individually for $3,600.

Plaintiff having been cast, an appeal on the whole case was prosecuted to this court.

On the suggestion of want of jurisdiction over the demand for $900 against Mathews the surety, the court said Mathews could not be held for more than $900, and the amount involved as to him was unquestionably the test of jurisdiction on appeal as to his interest in the litigation It, therefore, dismissed the appeal in so far as it concerned the judgment in favor of Mathews.

It is ordered that the Court of Appeal for the Parish of Orleans assume jurisdiction of the instant case and proceed to the determination thereof.