828 So.2d 710 (2002)
CITY OF EUNICE
v.
Rebecca CREDEUR.
No. 02-188.
Court of Appeal of Louisiana, Third Circuit.
October 9, 2002.
Christopher R. Philipp, Lafayette, for City of Eunice.
Timmy J. Fontenot, Eunice, for Rebecca Credeur.
Court composed of SYLVIA R. COOKS, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
COOKS, Judge.
The City of Eunice appeals the trial court's judgment denying its exception of prescription. For the following reasons, we affirm.
*711 Rebecca Credeur was an employee of the City of Eunice on November 20, 1990, when she suffered an accident while engaged in the course and scope of her employment. Credeur obtained medical treatment under the City of Eunice's workers' compensation coverage, but received no disability benefits because she continued working. When her condition worsened, Credeur began receiving disability benefits on February 2,1993.
From 1993 through 1997, Credeur attempted to work as much as possible, and continued to receive supplemental earnings benefits (SEB) and/or total temporary disability benefits (TTD) at times. She also received medical treatment paid for by the City of Eunice's workers' compensation insurer.
On March 26, 1997, the City stopped paying benefits to Credeur. On February 17, 1998, the City filed a disputed claim for compensation, challenging Credeur's right to benefits. The City claimed Credeur did not suffer an accident while engaged in the course and scope of her employment and that her medical condition did not arise out of her employment. Alternatively, the City argued Credeur's right to disability had prescribed. Credeur answered and filed a reconventional demand seeking penalties and attorney fees.
After a hearing, the workers' compensation judge concluded that Credeur did not sustain an accident during employment, that the injuries for which she sought compensation were pre-existing and denied her workers' compensation benefits. Although briefed by both parties, the exception of prescription was not ruled upon by the trial court.
A panel of this court reversed the workers' compensation judge's decision, finding Credeur proved by a preponderance of the evidence that she sustained a work-related accident, and was entitled to benefits for the resultant injuries. We also held the City acted in an arbitrary and capricious manner in terminating her benefits and medical compensation, and awarded penalties and attorney fees. City of Eunice v. Credeur, 99-302 (La.App. 3 Cir. 10/13/99), 746 So.2d 146.
The Louisiana Supreme Court denied writs on the issues presented, with the exception of our ruling awarding penalties to Credeur. It held we were in error in awarding penalties under La.R.S. 23:1201(F), concluding La.R.S. 23:1201.2 governed this case and did not allow the penalty award. City of Eunice v. Credeur, 99-3249 (La.1/28/00), 753 So.2d 226.
The City did not urge the issue of prescription before this court or the Supreme Court at any time while the matter was then pending. More than one year after our judgment on appeal became final, the City instituted the instant proceeding on April 20, 2001, asserting prescription as a bar to Credeur's claim for disability benefits. Subsequently, the City filed a motion for summary judgment on the issue of prescription. In support of the motion, the City introduced the affidavit of the adjuster for Credeur's workers' compensation claim. The workers' compensation judge held "since the matter was previously tried, prescription was raised and was either followed through or abandoned at the appellant level with the Third Circuit and the Supreme Court that at this time the employer has waived its right or is barred from reasserting prescription with respect to Ms. Credeur's workers' compensation benefit claim ..." The City has appealed the ruling.

ANALYSIS
The City contends Credeur's claim for disability benefits prescribed prior to January 25, 1993, the date when it voluntarily *712 began paying her benefits. The City maintains it timely asserted the issue of prescription, and the exception should have been granted by the Office of Workers' Compensation.
Prior to the trial on the merits, the City raised the issue of prescription. The issue was briefed by both parties and arguments on prescription were heard at the trial level. The workers' compensation judge rendered a judgment denying Credeur's claim on the merits without specifically addressing the prescription issue. Credeur appealed and the decision was reversed by this court. The City then filed a writ to the Louisiana Supreme Court. The City failed to pursue the issue of prescription beyond the trial level. When this court reversed the judgment, the City again had opportunities to address the prescription issue in its writ application to the Supreme Court or by applying for rehearing with this court. The City failed to do either.
Long-held jurisprudence has rested on the rule that all issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation. See R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978); Villars v. Faivre, 36 La.Ann. 398 (1884); Reed v. Employers Mut. Liab. Ins. Co. of Wisconsin, 303 So.2d 506 (La.App. 2 Cir.1974).
We find the workers' compensation judge did not err in holding the City raised the prescription issue at the trial level and then, through inaction, abandoned it at the appellate level. Although prescription may be raised at any time during the proceedings in an action, it cannot be urged to defeat a final and, thus, no longer appealable judgment. The City's attempt to re-urge this issue now comes too late. The judgment of the Office of Workers' Compensation is affirmed at the cost of the City of Eunice.
AFFIRMED.
PICKETT, J., concurs in result.