# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 08-342


**BILLY WAYNE RACHAL, JR.**

**VERSUS**

**KIMBERLY W. GILCHRIST, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,811
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Elizabeth Erny Foote**
**Percy, Smith, et al**
**720 Murray Street**
**Alexandria, LA 71309-1632**
**(318) 445-4480**
**Counsel for Defendant/Appellee:**
**Ridgedale, LLC**

**Edward Joseph Walters, Jr.**
**Moore, Walters, et al.**
**6513 Perkins Road**
**Baton Rouge, LA 70808**
**(225) 766-1100**
**Counsel for Plaintiff/Appellant:**
**Billy Wayne Rachal, Jr.**

**Randall Brian Keiser**
**Keiser Law Firm**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**Counsel for Defendants/Appellees:**
**Trinity Universal Insurance Company**
**Kimberly W. Gilchrist**

**R. Chris Oetjens**
**Attorney at Law**
**704 S. Foster Drive**
**Baton Rouge, LA 70802**
**(225) 935-2222**
**Counsel for Plaintiff/Appellant:**
**Billy Wayne Rachal, Jr.**

**EZELL, JUDGE.**

In this appeal, Billy Rachal appeals a jury verdict in favor of Kimberly Gilchrist and her insurer, Trinity Universal Insurance Company. The jury found that while Mrs. Gilchrist was negligent in causing a motor vehicle accident between the two, she did not cause Mr. Rachal injuries as a result thereof. For the following reasons, we affirm the decision of the jury.

On October 18,2003, Mr. Rachal was entering Interstate 49 heading northbound when Mrs. Gilchrist crossed over into his lane of travel, striking Mr. Rachal's vehicle and its driver's-side mirror with her passenger-side mirror. Because Mrs. Gilchrist did not stop, Mr. Rachal called the police and followed her until she was stopped nearly twenty-five miles later. Mrs. Gilchrist was arrested and cited for driving while intoxicated.

Mr. Rachal filed the present suit, claiming that as a result of the accident, he sustained a debilitating knee injury. After trial, a jury unanimously found that while Mrs. Gilchrist was negligent and had caused the accident, Mr. Rachal had not sustained any injury as a result of the minor scrape. From that decision, Mr. Rachal now appeals.

Mr. Rachal asserts three assignments of error on appeal. He claims that the jury was clearly erroneous in its conclusion that he had failed to demonstrate injury as a result of Mrs. Gilchrist's negligence; that the jury erred in not awarding him exemplary damages based upon Mrs. Gilchrist's having caused the accident while driving while intoxicated; and that the trial court erred in failing to grant his motions for a judgment notwithstanding the verdict (JNOV) or for new trial.

Mr. Rachal first claims that the jury erred in finding Mrs. Gilchrist did not cause him injury. Whether a claimant has carried his or her burden of proof and

1

whether testimony is credible are questions of fact to be determined by the trier of fact. *Allman v. Washington Parish Police Jury*, 04-600 (La.App. 1 Cir. 3/24/05), 907 So.2d 86. Likewise, whether an accident caused a plaintiff's injuries is also a factual question reviewed under the manifest error standard of review. *American Motorist Ins. Co. v. Am. Rent-All, Inc.*, 579 So.2d 429, 433 (La.1991).

An appellate court may not set aside a trial court's finding of fact unless it is manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly wrong. *Id.* Furthermore, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the trier of fact's conclusion was a reasonable one. *Stobart v. State of Louisiana, Through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have ruled differently. *Id.*

Additionally, under the manifest error standard, a reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Chavers v. Travis*, 04-992 (La.App. 4 Cir. 4/20/05), 902 So.2d 389. The trier of fact is in the best position to determine the extent of the accident and resultant injuries, if any. Therefore, it is also proper for the trier of fact to consider the minimal nature of an accident in order to determine whether or not injuries have been sustained. *Beverly v. Guidry*, 04-539 (La.App. 3 Cir. 12/1/04), 890 So.2d 654, *writ denied*, 05-476 (La. 4/22/05), 899

2

So.2d 570.

Mr. Rachal claims that the jury erred in not applying the legal presumption of causation established in *Housley v. Cerise*, 579 So.2d 973 (La.1991).[1] However, the jury considered this case after being instructed on the potential applicability of *Housley*. As noted in *Detraz v. Lee*, 05-1263, p. 9 (La. 1/17/07), 950 So.2d 557, 563:

> Having been given the *Housley* instruction, the jury made the factual determination that defendants' negligent conduct did not cause plaintiff's injuries. Thus, they either found that plaintiff had not established the three elements necessary for the application of the "*Housley* presumption," most likely that "the medical evidence shows there to be a reasonable probability of a connection between the accident and the disabling condition" or that the presumption did apply, but that defendants proved some other factor caused her injuries. Either way, the application of the "*Housley* presumption" is a factual issue as is the determination of causation, both of which are subject to the manifest error standard of review. Accordingly, the only issue before us is whether the jury's finding of no causation is supported by a reasonable factual basis in the record.

While Mr. Rachal claims that his testimony concerning his injury is clear and uncontradicted, it is painfully obvious that the jury found his testimony to be incredible to say the least. The record is replete with testimony and evidence on which the jury could have reasonably made this determination.

For example, despite claiming that he immediately felt pain in his knee upon the slight impact, Mr. Rachal did not tell Trooper Dauzat, the officer at the scene taking his statement, that he was injured in any way. Additionally, his description of the accident in his own written statement likewise fails to mention any injury or pain.

---

1    *Housley* establishes that three factors must be shown in order to apply the presumption:  (1) The plaintiff must demonstrate that he was in good health prior to the accident at issue;  (2) He must demonstrate that subsequent to the accident, symptoms of the alleged injury appeared and continuously manifested themselves afterwards;  (3) He must demonstrate that through evidence, medical, circumstantial, or common knowledge, a reasonable possibility of causation between the accident and the injury claimed.

*Layssard v. State, Dep't. of Pub. Safety and Corr.,* 07-78, p. 9 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, 1060-61, *writ denied*, 07-1821 (La. 11/9/07), 967 So.2d 511.

3

Moreover, in the video of Mrs. Gilchrist's arrest, Mr. Rachal is seen pacing up and down a relatively steep slope for almost fourteen minutes without any noticeable limp or other indication of injury.

Health club records indicate that before seeking medical assistance for his alleged injury, Mr. Rachal went twice to his gym to work out, the second time coming a mere twelve hours before his initial emergency room visit on October 26, 2003. When he did present to the ER, his chief complaint was chest pain, accompanied by knee pain and painful urination.

He went to Dr. Charles Texada on November 4, 2003, who found no bruising, instability or swelling. X-rays and an MRI were normal, showing no tears to Mr. Rachal's meniscus. Due to Mr. Rachal's pervasive belief he had a meniscal tear and his insistence on surgery rather than the suggested conservative treatment, Dr. Texada performed a surgery he admitted to being uncomfortable with. Therein, he found no tears of the meniscus, but rather a global looseness which he testified was likely congenital and not caused by the accident.

Furthermore, while under the care of Dr. Texada for what he claimed was debilitating pain, Mr. Rachal underwent a pre-employment physical exam by Dr. Robert Smith in order to begin work at Rapides Regional Medical Center. Dr. Smith's exams, much like Dr. Texada's initial exam, yielded normal results. Mr. Rachal indicated that he had no medical or physical condition that would limit the performance of his duties in any way, despite his concurrent claims of pain to Dr. Texada. When he came back to Rapides Regional years later for a second term of employment in 2006, he admitted knee problems and the surgeries performed by Dr. Texada, but claimed that he was "doing quite well" and was "without complaint currently."

4

Finally and most damningly, the jury was presented pictures of Mr. Rachal's vehicle after the accident and his own testimony. The photos show clearly minor damage; a broken mirror and scuff marks on the body of the vehicle that he admitted were later completely buffed out by a friend. Mr. Rachal's testimony was also uneven, at best. In addition to the misrepresentations he made to either Dr. Smith or Dr. Texada, Mr. Rachal claimed he felt immediate pain, then later stated that he never claimed any traumatic injury as a result of the accident, but rather a progressive one. He claimed he had to quit a job as a car salesman because he had to climb stairs, but chose to live in a third-floor apartment when a first-floor apartment was available. He even admitted that on the application for the third-floor apartment that he grossly overstated his income and length of employment. These are but a few of the inconsistencies and seemingly obvious exaggerations that litter Mr. Rachal's testimony.

Mr. Rachal failed to convince even one juror that there was any causal relationship between his broken mirror and alleged injuries. It is clear that the jury simply did not believe him, and the record contains sufficient evidence to indicate that this conclusion was reasonable.

Mr. Rachal next claims that the jury erred in failing to award him exemplary damages based upon the fact that Mrs. Gilchrist was driving while intoxicated at the time of the accident. We disagree. Louisiana Civil Code Article 2315.4 provides that punitive damages "may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." As we agree with the jury that no injuries were proved to have been sustained as a result of this accident, Mr. Rachal is not eligible

5

for punitive damages, despite Mrs. Gilchrist's horrendous decision to drive while impaired. This assignment of error is without merit.

Finally, Mr. Rachal claims that the trial court erred in failing to grant him a JNOV or his motion for new trial. Since Mr. Rachal did not brief his argument regarding JNOV, it is considered abandoned. Uniform Rules-Court of Appeal, Rule 2---12.4. His claim regarding his motion for new trial focuses on a power-point presentation made by Mrs. Gilchrist during opening statements, claiming that it misled the jury. In his motions for JNOV and new trial, Mr. Rachal did not mention or raise the power-point presentation in any way. After a hearing on the motions, the trial court asked for briefs on the *Housely* presumption alone to assist in her decision. In his post-hearing brief, Mr. Rachal addresses for the first time the power-point claim, ignoring the trial court's instruction to brief on the "one issue" of the *Housely* presumption. Because the issue was not addressed by the trial court, we can not address it here. *Boudreaux v. State, Dep't. of Transp. and Dev*., 01-1329 (La. 2/26/02), 815 So.2d 7.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Rachal.

**AFFIRMED.**