STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DONALD RAY BROWN

VERSUS

TOWN OF FERRIDAY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 1E
PARISH OF CONCORDIA, NO. 09-05049
BRENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED.**

Brian P. Bowes
Hudson, Potts & Bernstein, L.L.P.
Post Office Drawer 3008
Monroe, LA   71210-3008
(318) 388-4400
COUNSEL FOR DEFENDANT/APPELLEE:
    Town of Ferriday

Michael L. Cave
Cave Law Firm, L.L.C.
3909 Plaza Tower Drive
Baton Rouge, LA   70816-4356
(225) 292-3194
COUNSEL FOR PLAINTIFF/APPELLANT:
    Donald Ray Brown

**AMY, Judge.**

Donald Ray Brown filed a claim for workers' compensation benefits, contending that, while working for the Town of Ferriday, he injured his back and right shoulder. After a hearing, the workers' compensation judge found that the claimant's testimony was not credible and that he had not proven that his disability is the result of injuries suffered while working for the Town of Ferriday. The workers' compensation judge denied the claimant's request for benefits and dismissed his claim with prejudice. The claimant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The claimant, Donald Ray Brown, was employed by the Town of Ferriday as a "sewer plant helper." As part of his job duties, he regularly did manual labor. Mr. Brown claims that, on August 20, 2008, he injured his back while lifting a heavy table. He also claims that, on September 5, 2008, he injured his back and right shoulder while picking up limbs after Hurricane Gustav.

The record indicates that the Town of Ferriday's workers' compensation insurer paid Mr. Brown's medical benefits for a time. However, after his benefits were terminated, Mr. Brown filed a disputed claim for compensation. After a hearing, the workers' compensation judge found that Mr. Brown had not proven that his injuries were a result of the accidents he alleged occurred while he was employed with the Town of Ferriday. The workers' compensation judge denied Mr. Brown's claim for benefits and dismissed his case with prejudice.

Mr. Brown appeals, asserting as error that:

1) The court committed legal error regarding medical causation when it ruled that one must be "in good health" in order for the Housley presumption to apply.

2) The court's ruling is clearly wrong and contrary to the evidence and testimony, where an accident on the job occurred, employer conceded it

was reported to him by employee, disabling injuries were sustained by employee, and medical causation went uncontroverted. [sic]

3) The court's reasons for judgment do not reference employee's disabling shoulder injuries and the accident on or about September 5, 2008, and thus, the court's ruling is manifestly erroneous.

## Discussion

*Entitlement to Presumption of Causation*

In his first and second assignments of error,[1] Mr. Brown contends that the workers' compensation judge misapplied the *Housley* presumption and a *de novo* review of the record is warranted.

The claimant in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. *Quinn v. Vidalia Apparel*, 10-712 (La.App. 3 Cir. 12/8/10), 54 So.3d 123. A panel of this court recently reiterated the presumption of causation applicable in workers' compensation cases, stating:

> "An employee in a worker[s'] compensation action has the burden of establishing a causal link between the work-related accident and the subsequent disabling condition." *Miller v. Roger Miller Sand, Inc.*, 94-1151, p. 6 (La. 11/30/94), 646 So.2d 330, 334. An employee's disability is presumed to have resulted from the accident if before the accident, the injured employee was in good health, but commencing with the accident, symptoms of the disabling condition appeared and continuously manifested themselves afterwards. *Walton v. Normandy Village Homes Ass'n, Inc.*, 475 So.2d 320 (La.1985). However, the presumption requires either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. *Id.*

*Richard v. Vermilion Hosp.*, 10-385, pp. 4-5 (La.App. 3 Cir. 6/9/10), 41 So.3d 1219, 1223 (quoting *Marks v. 84 Lumber Co.*, 06-358 (La.App. 3 Cir. 9/27/06), 939 So.2d

---

[1] Mr. Brown appears to have combined his arguments as to his first and second assignments of error. However, to the extent that this combined argument fails to brief his second assignment of error, it is deemed abandoned. See Uniform Rules—Courts of Appeal, Rule 2-12.4.

723 (alteration in original)), *writ denied*, 10-1611 (La. 10/8/10), 46 So.3d 1269.[2]

Whether the presumption is applicable is a finding of fact subject to the manifest error-clearly wrong standard of review. *Littleton v. Richardson Med. Ctr.*, 42,082 (La.App. 2 Cir. 4/4/07), 954 So.2d 812 (citing *Detraz v. Lee*, 05-1263 (La. 1/17/03), 950 So.2d 557). However, the manifest error standard no longer applies where the trial court makes one or more legal errors which interdict the fact-finding process. *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. In that case, the appellate court must, if it can, make an independent *de novo* review of the record and render judgment. *Id.*

In this case, Mr. Brown contends that the workers' compensation judge erred in finding that the presumption of causation did not apply because he was not "in good health." Mr. Brown relies on *Layssard v. State, Dept. of Pub. Safety & Corr.*, 07-78 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, *writ denied*, 07-1821 (La. 11/9/07), 967 So.2d 511, for the proposition that his previous injuries do not preclude his entitlement to the presumption of causation. Therein, a panel of this court affirmed the trial court's determination that the plaintiff was entitled to the presumption of causation. The court found that, although the plaintiff's "hip was not in perfect health, it does not mean that his hip was not "in good health" for purposes of *Housley.*" *Layssard*, 963 So.2d at 1061. The court noted that, although the plaintiff had a history of complaints of hip pain, he had only three documented reports of hip pain over a period of ten years, with the most recent occurring three years before the

---

[2] This presumption has become known as the "*Housley* presumption." In *Housley v. Cerise*, 579 So.2d 973 (La.1991), the supreme court held that a plaintiff's disability is presumed to have come from an accident where: 1) the plaintiff was in good health before the accident; 2) the symptoms of the plaintiff's alleged injury appeared and continuously manifested themselves after the accident; and 3) the plaintiff submits evidence, whether medical, circumstantial, or common knowledge, that demonstrates a reasonable possibility of causation between the accident and the alleged injury. Although *Housley* addresses the presumption of causation as it applies to non-workers' compensation civil cases, the presumption "has its root in workers' compensation cases dating to 1917." *Detraz v. Lee*, 05-1263 (La. 1/17/03), 950 So.2d 557.

accident. Further, the plaintiff testified that he was in relatively good health and had no trouble participating in everyday activities.

A review of the record indicates that Mr. Brown contended that he was injured on August 20, 2008 while lifting a heavy table and again on September 5, 2008 while picking up limbs. Mr. Brown claims that he reported both accidents on the date they occurred to his supervisor, Tommy Stephens. Mr. Brown testified that he injured his neck and lower back in a work-related accident in Natchez, Mississippi in 1997 and had multiple surgeries related to that accident. According to Mr. Brown, he received a settlement for that incident in 2005. Mr. Brown's testimony was that he is disabled and receives Social Security Disability payments but that he could work with the help of pain medications. Mr. Brown maintains that his 1997 injuries are unrelated to the injuries he allegedly suffered in 2008.

Mr. Brown's medical records indicate that he sought treatment at the emergency room on August 21, 2008 complaining of "back pain" and received a diagnosis of "low back pain—chronic—acute exacerbation." Mr. Brown went back to the emergency room on September 9, 2008, again complaining of lower back pain, and received a diagnosis of "acute strain lumbar and shoulder muscle." Thereafter, Mr. Brown saw his primary care physician, Dr. Sarah Lee, and an orthopedic surgeon, Dr. J.C. Passman. Dr. Lee testified at her deposition, which was submitted into evidence, that, based on their proximity, she would attribute Mr. Brown's shoulder injury to the August 20, 2008 accident. Mr. Brown testified that, after the accidents, he basically "sit[s] around the house" and that he has numbness and weakness in his hands and spasms in his back and shoulder. He also testified that Dr. Passman has not released him back to full duty.

The defendant attacked Mr. Brown's credibility, establishing several inconsistencies between Mr. Brown's claims and other evidence. For instance, Mr.

4

Brown claimed he reported the accidents to his supervisor immediately. However, his supervisor, Mr. Stephens, testified that he did not learn of the incidents until September 11, 2008, when Mr. Stephens' wife, who is also a Town of Ferriday employee, filled out a "Supervisor's Accident Investigation."

Further, when questioned, Mr. Brown denied that he had been drinking when he went to the emergency room on August 21, or that he had ever been intoxicated at work. He also denied sleeping at work. However, Mr. Stephens testified that he smelled alcohol on Mr. Brown at work on four or five occasions and found him sleeping at work and smelling of alcohol at least once. Further, Mr. Brown's medical records of August 21, 2008 indicate that he "smells of EtOH—drank yesterday." Older records describe Mr. Brown as an alcoholic who, at that time, drank "at least one half pint of whiskey every day."

Notably, Mr. Brown's deposition testimony was inconsistent with his testimony at the hearing. At the hearing, Mr. Brown claimed that he had problems with his neck and back between 2005 and 2008. However, at his deposition, he stated that he did not have any back or neck problems between 2005 and 2008. At her deposition, Dr. Lee testified that Mr. Brown "couldn't have been fine" between 2005 and 2008 due to his surgeries. Further, Mr. Brown's medical records indicate that he sought treatment in 2005 and 2006 with complaints of back pain and saw Dr. Lee in June of 2008, approximately two months before the alleged accidents, for an exacerbation of his prior back problems. Additionally, at the hearing, Mr. Brown claimed that he had not had any shoulder problems prior to the two alleged incidents in 2008. However, his medical records indicate that he complained of shoulder pain on two occasions in 2001 and on two occasions in 2005.

We also note that, at her deposition, Dr. Lee clarified her testimony regarding causation, stating that her impression was based on the history provided by Mr.

5

Brown. She further stated that "[Mr. Brown] thought he injured himself" picking up the limbs and the table and testified that she was unable to tell the difference between his previous injuries and his current injuries. Medical records from Dr. Passman, the orthopedist, indicate that Dr. Passman found "no surgical disease" and that Mr. Brown was neurologically intact.

The workers' compensation judge found that the evidence offered by the defendant "cast serious doubt upon the claimant's version of the accident." She stated, in her reasons for judgment, that Mr. Brown had a "lack of credibility" and that she was "particularly … not impressed by [Mr. Brown's] deposition testimony that denied medical problems with his neck and back between the years 2005 and 2008." The workers' compensation judge concluded that the "*Housley* presumption" did not apply because the evidence did not support a finding that Mr. Brown was "in good health" prior to the accident.

The requirement that the claimant be "in good health" to benefit from the presumption of causation has been interpreted as not requiring that the afflicted body part be "in perfect health." *Layssard*, 963 So.2d 1053; *Brock v. Singleton*, 10-550 (La.App. 5 Cir. 3/29/11), 65 So.3d 649. However, that does not abrogate the requirement that, in order to be entitled to the presumption, the plaintiff offer sufficient evidence to establish the requisite elements. *See Ladner v. Gov't Employees' Ins. Co.*, 08-323 (La.App. 4 Cir. 10/8/08), 992 So.2d 1098, *writ denied*, 08-2864 (La. 2/2/09), 999 So.2d 783; *Rachal v. Gilchrist*, 08-342 (La.App. 3 Cir. 10/1/08), 995 So.2d 1226, *writ denied*, 08-2612 (La. 1/9/09), 998 so.2d 725; *Magee v. Abek, Inc.*, 04-2554 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, *writ denied*, 06-1876 (La. 10/27/06), 939 So.2d 1287. Our review of the record, in its entirety, indicates that Mr. Brown's inconsistent testimony and credibility issues hindered his ability to establish that he was "in good health" prior to the alleged accidents. The workers'

6

compensation judge did not err in finding that the presumption of causation does not apply in this case. Therefore, a *de novo* review of the record is not warranted.

These assignments of error are without merit.

*Content of Judgment*

In his third assignment of error, Mr. Brown contends that the workers' compensation judge erred in failing to address his shoulder injuries and/or the September 5, 2008 accident in her ruling. Mr. Brown again requests that this court perform a *de novo* review of the record based on this alleged error.

The judgment signed on May 23, 2011 orders that "the claims of claimant, Donald Ray Brown, are hereby rejected, and that this matter is dismissed, with prejudice, at claimant's cost." Further, despite Mr. Brown's contention to the contrary, a review of the workers' compensation judge's reasons for judgment indicate that the workers' compensation judge considered his claims regarding his shoulder injury and/or the alleged injury occurring on September 5, 2008. The workers' compensation judge stated:

> [Mr. Brown] contends he was injured on August 20th, 2008, while moving heavy chairs and tables and again on September 5th, 2009 [sic], while lifting branches and limbs following Hurricane Gustav. He contends he reported those injuries to his supervisor, Thomas Stephens, and sought medical treatment for his injuries.
>
> . . .
>
> Medical evidence revealed claimant received medical treatment at Riverland Medical Center on August 21st, 2008. He complained of back pain resulting from the lifting of a table. . . . However, following the alleged injury of September 5th, claimant returned to Riverland Medical Center and received medical treatment on September 9th, 2008. Once again, he complained of low back pain. On that date he received a diagnosis of acute strain lumbar and shoulder muscle.
>
> . . .
>
> The deposition testimony of claimant's treating physician, Dr. Sarah Lee, was admitted into evidence. Her medical records revealed a

long history of medical treatment for complaints of right shoulder pain, lower back pain and neck pain.

Thus, the record indicates that the workers' compensation judge considered Mr. Brown's claims with regard to the alleged injury of September 5, 2008. The workers' compensation judge ultimately found that, given Mr. Brown's inconsistent testimony and credibility issues, as discussed above, his "physical condition and disability status did not change and any allegations of injury are simply in pursuit of financial gain." Having found Mr. Brown's testimony not credible, the workers' compensation judge rejected all of Mr. Brown's claims, including his claims regarding the September 5, 2008 accident and/or his shoulder injuries.

Additionally, we note that there would be no manifest error even if the workers' compensation judge did not specifically address the injuries Mr. Brown alleged occurred on September 5, 2008. "[A]ll issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation." *City of Eunice v. Credeur*, 02-188, p. 3 (La.App. 3 Cir. 10/9/02), 828 So.2d 710, 712 (citing *R.G. Claitor's Realty v. Juban*, 391 So.2d 394 (La.1980)), *writ denied*, 02-2751 (La. 1/31/03), 836 So.2d 68. *See also Katner v. Katner*, 09-974 (La.App. 4 Cir. 12/23/09), 28 So.3d 566. Mr. Brown alleged that he suffered injuries as a result of a work-related accident occurring on September 5, 2008 and presented evidence at the hearing on those issues. The workers' compensation judge found that Mr. Brown's allegations were made "simply in pursuit of financial gain" and rejected his claims. Thus, even if the judgment was silent as to those specific claims, they would be considered as rejected.

This assignment of error is without merit.

**DECREE**

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. Costs of this proceeding are assessed to the appellant, Donald Ray Brown.

**AFFIRMED.**